IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY STELLY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-15-1215-W |
| ) | |
| JOE M. ALLBAUGH, Director, ) | |
| Oklahoma Department of Corrections,[1] ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Respondent's Motion to Dismiss Petition [Doc. Nos. 12-13]. Petitioner did not file a response. Petitioner also improperly filed a motion to stay this case by attaching it as an exhibit to his Petition. The matter has been referred by United States District Judge Lee R. West for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Respondent's motion be granted. It is further recommended that Petitioner's motion be denied.

**I.   Background and Petitioner's Claims**

In October 2010, Petitioner stood trial in Case No. CF-2008-7078, District Court of Oklahoma County, State of Oklahoma, for charges stemming from a November 7, 2008 robbery and murder of a pizza delivery driver in Oklahoma City, Oklahoma. At trial, two of Petitioner's co-defendants, Rondell Griffin and Christian Holder, testified against Petitioner. Although the

---

[1] Pursuant to Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, and Fed. R. Civ. P. 25(d), Joe M. Allbaugh, Director, Oklahoma Department of Corrections, is hereby substituted as the proper Respondent in this action.

complete record is not before the Court at this stage of the proceedings,[2] from the filings presented to the Court it appears that the substance of Griffin and Holder's combined testimony was that while Holder, Griffin, and Zonta West (another co-defendant) were assembling for the robbery, Petitioner was advised of their plans and flashed a gun. After initially refusing to provide the weapon, Petitioner walked around a corner toward a dumpster. West also went around the corner, came back with the firearm, and shot the pizza delivery driver. According to Petitioner in his post-conviction filing in state court, "West, claiming his right to silence, never testified in any of the trials." Br. in Supp. of App. for Post-Conviction Relief, at 3 [Doc. No. 13-2].

Petitioner was convicted of First Degree Murder While in the Commission of a Felony (Robbery with a Firearm), and in December 2010, he was sentenced to life in prison with all but thirty years suspended. Petitioner, through new appellate counsel, appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA) on March 31, 2011 and filed his brief in support of his appeal on December 12, 2011.[3] The OCCA affirmed his conviction on September 11, 2012. Summ. Op. [Doc. No. 13-1].[4] Petitioner did not appeal the OCCA's decision to the Supreme Court of the United States.

Petitioner, through new post-conviction counsel, filed an Application for Post-Conviction Relief with the trial court on January 29, 2014. Br. in Supp. of App. for Post-Conviction Relief [Doc. No. 13-2]. Petitioner argued that newly discovered evidence required that the conviction

---

[2] The complete record was not necessary to determine the timeliness of Petitioner's claims.

[3] The undersigned takes notice of the docket sheet for Plaintiff's direct appeal to the Oklahoma Court of Criminal Appeals, F-2011-256. The docket sheet may be viewed at www.oscn.net.

[4] Petitioner raised four claims on direct appeal asserting that: (1) the evidence was insufficient to support the conviction; (2) the trial court unreasonably limited cross-examination; (3) cumulative error; and (4) the sentence was excessive.

2

be vacated in the interest of justice pursuant to state law. Specifically, Petitioner alleged that he received an affidavit "on or about October 29, 2013" signed by West (West Affidavit). Br. in Supp. of App. for Post-Conviction Relief, at 5 [Doc. No. 13-2]. The West Affidavit is dated October 29, 2013 and states[5]:

> My two co-defendents testifyed against Mr. Larry Stelly saying "I got the Gun, used in a Robbery turned murder, from Mr. Stelly". Those statements are not true. I've never got any Gun or even verbally said I got a Gun from Mr. Stelly. I don't understand why he's incarsarated. My two co-defendents came up with the same story after they sat together in booking or something, for there lesser sentences. Because I dont no where Mr. Stelly cames into play I didn't even see Mr. Stelly that whole day. How can he give me a Gun he don't have, I don't even remember seeing him that whole week, like I said "I don't see why he's locked up with 30 years for no apparent reason". Im willing to testify that I never Got any Gun from Mr. Stelly. [Doc. No. 1-1]

The district court denied Petitioner's application for post-conviction relief on September 22, 2014. Order Den. App. For Post-Conviction Relief [Doc. No. 13-3]. The OCCA denied Petitioner's appeal on February 3, 2015. Order Affirming Denial of App. For Post-Conviction Relief [Doc. No. 13-4].

On October 29, 2015, Petitioner filed the Petition in this action with five stated propositions (referred to herein as grounds for relief). The first three grounds for relief in the Petition were presented to the OCCA on direct appeal from the conviction. The fourth and fifth grounds for relief allege ineffective assistance of trial, appellate, and post-conviction counsel and asserts that newly discovered evidence proves that Petitioner is actually innocent. The alleged newly discovered evidence consists of the West Affidavit as well as a police report containing a narrative describing a police interview with Koree Wyatt—a self-identified witness—on November 11, 2008 in which Wyatt advised a police officer that he saw two individuals with black semi-automatic pistols before the shooting (Wyatt Interview) [Doc. No. 1-2]. Petitioner

---
[5] Quotations are verbatim unless otherwise noted.

3

admittedly had not exhausted his ineffective assistance of counsel claims at the time he filed the Petition. *See* Mot. to Hold 28 USC § 2254 Pet. in Abeyance [Doc. No. 1-3] (admitting that the ineffective-assistance-of-counsel argument was "currently pending" in the Oklahoma Court of Criminal Appeals and requested a stay so that he could "fulfill the requirements of 28 USC § 2254(b) (exhaustion of remedies)").

## II. <u>Analysis</u>

Respondent alleges that Petitioner's claims are time-barred. Therefore, the Court's analysis begins with the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for Section 2254 habeas petitions brought by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The period begins to run from "the latest of" four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

*Id.*

If a habeas petitioner has not filed a petition within the AEDPA-prescribed period, a claim may still be considered by the Court if the petitioner satisfies a narrow miscarriage-of-justice exception. *McQuiggin v. Perkins*, -- U.S. --, 133 S. Ct. 1924, 1935 (2013). In order for

the exception to apply, however, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *Id.*

### A. None of Petitioner's Claims Were Timely Filed Within the Limitations Period Outlined in Subsection A.

Petitioner's conviction was affirmed by the OCCA on September 11, 2012. Because Petitioner did not appeal to the Supreme Court of the United States, the judgment became final on December 10, 2012. *See Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012) (state court judgment becomes final when petitioner exhausts all direct appeals in state court and time to petition for writ of certiorari from Supreme Court has expired, which is 90 days after decision by State's highest court). The one-year period expired on December 11, 2013. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (adopting anniversary method for calculating deadline under AEDPA). This action was not filed until October 29, 2015—one year and three-hundred-twenty-two days after the expiration of the deadline established by Subsection A.

Although Plaintiff filed a post-conviction application in state court on January 29, 2014, tolling has no effect on the filing deadline under Subsection A in this case. Because Petitioner made his post-conviction application after the filing deadline passed, the statute of limitations was not tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Therefore, unless Petitioner can establish a later trigger date for the one-year statute of limitations pursuant to one of Subsections B, C, or D, his Petition is untimely.

### B. The Petition Is Late Under the Subsection D Filing Deadline.

Because Petitioner does not allege that his Petition is timely pursuant to Subsections B or C, unless Petitioner has established that each of his claims were timely pursuant to Subsection D, his Petition is not timely under the AEDPA.

### 1. Petitioner's First, Second, and Third Grounds for Relief are Time-Barred Because Petitioner Became Aware of the Factual Predicate of His Claims at the Time of Trial.

Petitioner's first ground for relief is that the evidence used to support his conviction was insufficient because the testimony of two of his alleged accomplices, Griffin and Holder, was inadequately corroborated. *See* Pet. at 9-15 [Doc. No. 1]. Petitioner does not present any newly discovered evidence in support of this ground. Petitioner instead presents the same argument he made in his direct appeal, which the OCCA denied on September 11, 2012. *See* Summ. Op. at 1 [Doc. No. 13-1].

It is axiomatic that Petitioner became aware at the time of trial of the trial court's determination that the testimony of Petitioner's co-defendants was corroborated by independent evidence. Indeed, the same ground for relief was raised in Petitioner's direct appeal on December 12, 2011. Here, the factual predicate underlying the first ground for relief is that the trial court allowed the co-defendants' testimony against Petitioner, which was discovered or could have been discovered through the exercise of due diligence at the time of trial. As a result, the statute of limitations period under Subsection D expired one year after trial—in October 2011—and the claim is untimely.

The second ground for relief is that Petitioner was denied the opportunity to present a full and fair defense because the trial court limited his ability to cross-examine a detective regarding the exclusion of other suspects. Pet. at 15-18 [Doc. No. 1]. Like the first ground, Petitioner was

6

aware of the fact that the trial court did not permit him to cross-examine the detective at the time of trial. Petitioner also raised this issue on direct appeal to the OCCA. *See* Summ. Op. [Doc. No. 13]. Therefore, like Ground One, the Subsection D limitations period expired in October 2011, and the claim set forth in Ground Two is untimely.

Ground Three alleges that cumulative error from the alleged errors in Grounds One and Two require that habeas relief be granted. Pet. at 18-19 [Doc. No. 1]. Since Petitioner was aware of both Grounds One and Two at the time of trial, it follows that he was aware of the alleged cumulative error caused by the two grounds at the time of trial as well. As such, Ground Three is time-barred.

### 2. Grounds Four and Five Asserting Ineffective Assistance of Counsel are Time-Barred Because the West Affidavit and Wyatt Interview Are Not New Under Subsection D of the AEDPA.[6]

The grounds for relief labeled by Petitioner as propositions four and five include more than two distinct issues. Petitioner argues that his trial counsel, appellate counsel, and post-conviction counsel were all ineffective. Petitioner contends that the knowledge of two witnesses who did not appear at trial, West and Wyatt, proves that he did not provide the murder weapon to West and he was therefore actually innocent. For purposes of Subsection D of the AEDPA, the

---

[6] With the exception of a standalone actual innocence claim, the Court recognizes that these claims are unexhausted. Under Okla. Stat. tit. 23 § 1086, a defendant must present all grounds for post-conviction relief in the initial application or they are waived. Petitioner has filed a direct appeal and a post-conviction appeal, neither of which address the ineffectiveness of counsel. The Tenth Circuit has recognized that "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" and bars federal habeas corpus review. *Sherrill v. Hargett*, 184 F.3d 1172, 1175 (10th Cir. 1999). In addition, an "anticipatory procedural bar" may be applied in a case to deny an unexhausted claim that would be procedurally barred under state law if the petitioner attempted to exhaust the claim in state court. *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n. 7 (10th Cir. 2007). The Court finds that this is a case where the anticipatory procedural bar applies. However, a claim of actual innocence can bypass the procedural bar, and therefore the Court must still undergo the analysis as addressed infra.

analysis revolves around whether the evidence is new and not the substantive nature of his actual innocence claims.[7]

In order to be timely, Petitioner must show that less than one year elapsed between the date on which the factual predicate underlying the claim could have been discovered through the exercise of due diligence and the filing of the Petition (while also factoring in any tolling pursuant to 28 U.S.C. § 2244(d)(2)). The factual predicate underlying each claim is that counsel provided ineffective assistance. The Court finds that Petitioner either knew or, with the exercise of due diligence, should have known that his counsel provided ineffective assistance prior to his alleged discovery of the West Affidavit or the Wyatt Interview. Therefore, the ineffective-assistance-of-counsel claims are not timely under Subsection D of the AEDPA.

**West Affidavit**

Liberally construing the Petition because of his status as a pro se litigant, Petitioner relies on the West Affidavit in his attempt to establish October 29, 2013 as the date on which he discovered his counsel was ineffective. In the affidavit, West contends that he did not see Petitioner "that whole day"[8] and he does not remember seeing Petitioner "that whole week" [Doc. No. 1-1]. West also asserts that he did not receive a gun from Petitioner used in a "robbery turned murder." *Id.* Petitioner asserts that if his trial counsel had been effective, West would have been interviewed and his statements investigated. Then, according to Petitioner, West would have been called to testify that Petitioner was not at the scene of the crime and did not provide the weapon used to shoot the pizza delivery driver.

---

[7] Because a properly presented actual-innocence claim avoids the application of the AEDPA limitations period, Petitioner's attempts to prove actual innocence are addressed infra.

[8] Although not specifically stated, based on the context of the narrative, the Court interprets "that whole day" to mean the day the victim was killed.

The date on which Petitioner learned about the West Affidavit was not the date on which he learned that his various counsel were ineffective. The information from the West Affidavit was previously known by Petitioner. West stated in the affidavit that he did not see Petitioner on the date of the shooting and that Petitioner never gave him a gun. [Doc. 1-1.] Petitioner knew these facts on the day of the shooting—Petitioner knew that he did not see West that day and he would have known that he had never given West a gun. Petitioner did not need West to inform him of such facts. When a petitioner has knowledge of the underlying facts in a witnesses' affidavit, the timing for statute of limitations purposes begins at the time of the underlying action, not the date the affidavit was discovered. *See Craft v. Jones*, 435 F. App'x. 789, 791 (10th Cir. 2011) (unpublished) ("If as [Witness] claims, he was present during the stabbing, then [petitioner] would have been aware that [Witness] was a witness to the event. Thus 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence' was not . . . the date of the affidavit, but instead . . . the date of the stabbing."); s*ee also Meadows v. Biter*, 980 F. Supp. 2d 1148, 1152 (C.D. Cal. 2013) ("[A]lthough [Co-defendant's] written statement may be new, the factual predicate underlying the claim, i.e., that [Third Party], not Petitioner, accompanied [Co-Defendant] on the burglaries, is not new."); *Hairston v. Beck*, 345 F. Supp. 2d 535, 538 (M.D.N.C. 2004) ("[N]o matter when the police officer's affidavit became available, this court fully expects that Petitioner knew whether or not he had used a gun in the commission of his crime when he accepted his plea agreement."); *Brooks v. McKee*, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2004) ("It is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running; the accrual of the statute of limitations does not await the collection of evidence which supports the facts.").

Further, Petitioner states in the Petition that he informed trial counsel about his alibi defense. Pet. at 26 [Doc. No. 1]. Petitioner also wrote in a signed affidavit that he advised his trial counsel to call West as a witness. App. for Post-Conviction Relief, at 6 [Doc. No. 13-5]. Petitioner additionally admits that he "pointed out" West to his appellate counsel. Pet. at 26 [Doc. No. 1]. These statements show that Plaintiff was aware of the facts contained in the West Affidavit prior to the September 11, 2012 conclusion of his direct appeal. Because he knew about these facts prior to his appeal being finalized (the trigger date under Subsection A), he does not gain any additional time to file his Petition under Subsection D due to the West Affidavit.

**Wyatt Interview**

Petitioner also claims that his counsel was ineffective because Wyatt was not investigated or interviewed. Petitioner did not provide information in his Petition as to when he learned that Wyatt had been interviewed by police. The Court would therefore be without information to determine the appropriate deadline under Subsection D if Petitioner's discovery of the Wyatt Interview was the trigger date. But, the date of the Petitioner's discovery of the interview is not relevant because Petitioner knew or should have known his counsel failed to interview or investigate Wyatt during the pendency of his direct appeal.

Exhibit 2 to the Petition indicates that Wyatt was interviewed by police on November 21, 2008 and that the report was approved on January 14, 2009 [Doc. No. 1-2]. Given that the report appears to have been finalized over six years prior to filing the Petition, even if Petitioner had not received the report until a time within one year of filing the Petition, he could have learned about the report much earlier through the exercise of due diligence. This is particularly true where Petitioner has not alleged that his trial attorney was unable to see the report. The Court also

finds it relevant that the Petitioner "pointed out" Wyatt to his direct-appeal counsel.[9] Therefore, any potential ground for relief which was based on the potential testimony of Wyatt is not timely under Subsection D.

### Post-Conviction Counsel

Petitioner alleges that the argument lodged by his post-conviction counsel to the OCAA was incomplete and inadequately raised. Pet. at 19 [Doc. No. 1]. To the extent Petitioner attempts to argue that the ineffectiveness of his post-conviction counsel is a ground for habeas relief, the argument fails because "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

### Petitioner's Later Legal Studies

Finally, Petitioner asserts that he persistently and diligently learned the law and determined that his counsel was ineffective. First, Petitioner does not assert when he came to the conclusion that his trial counsel was ineffective, so it is impossible to determine from which date Petitioner would consider his trigger date under Subsection D. But, more significantly, "the limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts." *Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011) (unpublished) (citing *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000)).

---

[9] While Petitioner does not state in his brief when he pointed out Wyatt to his appellate counsel, Jaye Mendros was Petitioner's appellate counsel on direct appeal which concluded on September 11, 2012—over three years prior to the filing of this action.

**C. The Facts of This Case Do Not Warrant a Path Around the AEDPA Statute of Limitations on the Basis of Actual Innocence.**

Because Petitioner asserts he was actually innocent of felony murder, timeliness analysis does not end with the AEDPA. Actual innocence may serve as a "gateway through which a petitioner may pass" to overcome the statute of limitations bar. *McQuiggin*, 133 S. Ct. at 1928. Because Petitioner asserts that the evidence of actual innocence proves his attorneys failed to provide effective assistance,[10] the Court must determine whether Petitioner's actual-innocence claim is sufficient to allow him to pass through the gateway and proceed on his constitutional ineffective-assistance-of-counsel claims despite his failure to file the Petitioner within the applicable limitation period.

The Court's analysis is guided by the idea that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S. Ct. at 1928. In order to present a "credible" claim of actual innocence, Petitioner must support his claim of constitutional error with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). And the petitioner must demonstrate that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. An appellate Court interpreted the decision in *Schlup* to create a three-stage test, meaning that the petitioner must demonstrate "(1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citing *Schlup,* 513 U.S. at 324; *House v. Bell,* 547 U.S. 518, 536–

---

[10] To the extent that Petitioner asserts a standalone claim of actual innocence, the viability of such a claim for purposes of habeas review is an issue that has not been resolved by the Supreme Court of the United States. *McQuiggin*, 133 S. Ct. at 1931. Because Petitioner ties his actual innocence claim to his ineffective-assistance-of-counsel claims, the Court need not consider whether a standalone claim exists.

537 (2006)). The petitioner, according to the court in *Sistrunk*, must establish all three factors in order to show actual innocence. *Id.* Because Petitioner cannot establish that either the West Affidavit or Wyatt Interview are new or reliable, his actual innocence claim fails.

**West Affidavit**

The West Affidavit supplied by Petitioner in support of his actual innocence claim is neither new nor reliable. While the West Affidavit was penned in 2013, it describes West's alleged knowledge of events which took place in 2008. Relevant to Petitioner's case, West states he never saw Petitioner on the date of the shooting and that Petitioner has never provided him with a gun. If the West Affidavit is true, Petitioner also knew in 2008 that he did not see West and that he did not provide West with a gun. Because he knew of the facts contained in the affidavit in 2008, the evidence is not new and does not support a claim of actual innocence under the actual-innocence exception outlined in *McQuiggin*. *See United States v. Foy*, 540 F. App'x 828, 832-33 (10th Cir. 2013) (unpublished) (affidavit did not contain new evidence when the facts therein were within the defendant's knowledge before trial). Further, West chose not to testify because he was, according to Petitioner in his state-court post-conviction appeal, "claiming his right to silence." Br. in Supp. of App. for Post-Conviction Relief, at 3 [Doc. No. 13-2]. Because Petitioner knew the information contained in the West Affidavit at the time of trial, he cannot claim the evidence is new because "[i]f a former codefendant who originally chose not to testify subsequently comes forward and offers testimony exculpating a defendant, the evidence is not newly discovered if the defendant was aware of the proposed testimony prior to trial." *United States v. Muldrow*, 19 F.3d 1332, 1339 (10th Cir. 1994) (considering whether to grant a new trial on direct appeal).

The reliability of the West Affidavit is also not strong enough to support a tenable actual-innocence claim. Although West made his statement under penalty of perjury, such statements are not considered to be overly reliable because "affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations." *Herrera v. Collins*, 506 U.S. 390, 417 (1993). Post-conviction affidavits signed by co-defendants "are inherently suspect because codefendants may try to assume full responsibility for the crime without any adverse consequences." *Allen v. Yukins*, 366 F.3d 396, 405 (6th Cir. 2004); s*ee also Whitebird v. Snider*, 28 F. App'x 783, 786 (10th Cir. 2001) (unpublished) (affidavits by the petitioner and his co-defendant stating that the petitioner was not involved in the robbery were unconvincing and "no grounds for waiving the period of limitations"). This is particularly true in this case because West's affidavit only serves to exculpate Petitioner by stating that he never received a gun, but does not implicate himself. *See Allen*, 366 F.3d at 405-06 ("[T]he district court correctly concluded that [Co-defendant's] affidavit was inherently suspect because [Co-defendant] could have signed the affidavit in order to help his codefendant [Petitioner] without endangering his own interests.").

**Wyatt Interview**

The Wyatt Interview likewise does not allow Petitioner's claim to avoid the AEDPA filing deadline. Petitioner has not shown that the Wyatt Interview is new. Wyatt's interview took place in 2008. Petitioner has not alleged that his attorney was not provided with the narrative of the interview prior to trial. When a defendant knows about evidence at the time of trial, it is not considered to be new for purposes of establishing actual innocence. *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (unpublished) (evidence petitioner was aware of at the time of trial does not constitute new evidence); *Kerchee v. Jones*, 428 F. App'x 851, 861

(10th Cir. 2011) (unpublished) (affidavits of three witnesses were not considered new evidence when they were available to testify at trial); *Price v. Friel*, 245 F. App'x 855, 856-57 (10th Cir. 2007) (unpublished) (finding, in denying petitioner's certificate of appealability, psychological report not new evidence when petitioner knew of its existence before trial).  Therefore, the evidence cannot be considered new.

The evidence is also not reliable.  The Wyatt Interview, which is not a sworn statement, is also not the type of evidence to support a claim of actual innocence.  *See Meadows*, 980 F. Supp. 2d. at 1153 (noting that the Court looked askance at a statement not made under oath when considering actual innocence).  Further, Petitioner, without explanation, waited over six years after the police report was made and over three years after telling his appellate counsel before presenting it in support of his actual innocence claim.  Even though Petitioner pointed out Wyatt to his direct-appeal counsel, Petitioner filed two post-conviction briefs which do not reference Wyatt.  Brief in Supp. Of App. for Post-Conviction Relief (Jan. 29, 2014) [Doc. No. 13-2]; Brief in Supp. Of App. for Post-Conviction Relief (Sept. 21, 2015) [Doc. 13-6].  The Supreme Court of the United States has found that "unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin,* 133 S. Ct. at 1935.  In other words, timing is a factor "relevant in evaluating the reliability of a petitioner's proof of innocence." *Id.*  Petitioner's failure to explain the reasons for his delay in presenting the Wyatt Interview along with his prior post-conviction filings which do not reference Wyatt at all

(despite his knowledge of Wyatt) leads the Court to conclude his evidence is not sufficiently reliable to establish actual innocence.[11]

### III. Petitioner's Request to Hold Proceedings in Abeyance Should Be Denied.

Petitioner attached a Motion to Hold 28 USC § 2254 Petition in Abeyance as an exhibit to his Petition [Doc. No. 1-3]. Although Petitioner improperly filed his motion as part of another document in violation of Local Civil Rule 7.1(c), the Court will briefly address the request herein. Petitioner filed his request because he admittedly filed a mixed petition by presenting unexhausted claims along with those that were exhausted in state court.

A stay and abeyance is only appropriate when a petitioner has good cause for his failure to exhaust his claim, his claims have merit, and the petitioner has not engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner does not satisfy the limited grounds for a stay and abeyance. First, as illustrated above, Petitioner's actions are time-barred, and therefore his claims do not have merit. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (holding that a dismissal of a habeas petition as time-barred was a decision on the merits).

Further, even if Petitioner's claims did have merit, he has not established good cause for his failure to exhaust his unexhausted claims. Petitioner admittedly had the West affidavit on October 29, 2013. Brief in Supp. Of App. for Post-Conviction Relief, at 4-5 [Doc. No. 13-2].

---

[11] Although the Court does not proceed to the third stage to weigh the evidence, it does note that the Wyatt Interview does not directly contradict the theory that Petitioner provided the murder weapon to West because the other co-defendants' possession of guns immediately prior to the robbery does not foreclose the possibility of West receiving the gun from Petitioner.

He did not file his Petition until over two years later and provides no acceptable explanation as to why he failed to exhaust his claims in state court prior to doing so.[12]

## RECOMMENDATION

It is recommended that the Respondent's Motion to Dismiss [Doc. Nos. 12-13] should be granted and Petitioner's Petition [Doc. No. 1] should be denied. More specifically, all of Petitioner's claims are time-barred pursuant to the AEDPA and are denied on the merits for such reason. Further, there is no merit to Petitioner's argument that Grounds 4 and 5 should avoid the AEDPA limitations period on actual-innocence grounds.

It is further recommended that Petitioner's improperly filed Motion to Hold 28 USC § 2254 Petition in Abeyance [Doc. No. 1-3] be denied because his claims do not have merit and he has not established good cause for a stay.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by November 9, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[12] To the extent Petitioner relies on his post-conviction counsel's failure to bring those arguments to the state court, his argument fails because the actions or inactions of post-conviction counsel do not constitute good cause for delay. *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (finding, in the context of equitable tolling, negligence is not extraordinary and clients bear responsibility for actions of post-conviction counsel).

17

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 19th day of October, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE