IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LARRY STELLY, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | No. CIV-15-1215-W |
| JOE M. ALLBAUGH, Director, Oklahoma Department of Corrections, | ) ) ) ) | |
| Respondent. | ) | |

## ORDER

On October 19, 2016, United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation in this matter and recommended that the Court deny the Motion to Hold 28 U.S.C. § Petition in Abeyance filed by petitioner Larry Stelly,[1] a state prisoner proceeding pro se, and grant the Motion to Dismiss Petition for Writ of Habeas Corpus as Time Barred filed by respondent Joe M. Allbaugh, Director, Oklahoma Department of Corrections. Although Stelly was advised of his right to object to the Report and Recommendation, see Doc. 14 at 17, and of the consequences of his failure to do so, see id., no objections have been filed within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Jones' suggested disposition of Stelly's request for a stay and Allbaugh's request[2] that the Court

---

[1] With one exception, Stelly's claims in his Petition for Writ of Habeas Corpus are unexhausted. Because Stelly's claims lack merit and because Stelly has not shown good cause for his failure to exhaust, a stay of this proceeding is not warranted. See Rhines v. Weber, 544 U.S. 269 (2005).

[2] The record shows that Stelly did not respond or object to Allbaugh's Motion to Dismiss Petition for Writ of Habeas Corpus as Time Barred although Stelly had been advised that if Allbaugh "file[d] a motion, . . . [he] may file a response within twenty-one days of the filing date." Doc. 5 at 1.

dismiss this matter as untimely. All of the grounds for relief raised by Stelly in his Petition for Writ of Habeas Corpus ("Petition") are subject to, and are barred by, the one (1)-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).

Although no grounds exist in this case to statutorily or equitably toll this limitations period, the Court is mindful that relief may nevertheless be warranted if the miscarriage of justice exception exists.[3] To the extent Stelly has claimed that he is entitled to relief in connection with his ineffective assistance of counsel claims because he is "actually innocent,"[4] Stelly was obligated to show that, in light of "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," Schlup v. Delo, 513 U.S. 298, 324 (1995), "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013)(quoting Schlup, 513 U.S. at 329). Stelly has not made that showing.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 14] issued on October 19, 2016;

(2) DENIES Stelly's Motion to Hold 28 U.S.C. § Petition in Abeyance [Doc. 1-3] file-stamped October 29, 2015;

---

[3]"[T]he rationale underlying the miscarriage of justice exception . . . ensur[es] 'that federal constitutional errors do not result in the incarceration of innocent persons.'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013)(quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)).

[4]"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass[,]" McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013), even where "the impediment is [the] . . . expiration of [AEDPA's one-year] . . . statute of limitations." Id.

2

(3) GRANTS Allbaugh's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred [Doc. 12] filed on March 1, 2016;

(4) FINDS Stelly's claims are time-barred and thus, are denied on their merits for that reason, e.g., In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011)(per curiam)(dismissal of petition as time-barred is decision on merits); and

(5) DIRECTS judgment to be issued in favor of Allbaugh in accordance with this Order.

ENTERED this 28th day of November, 2016.

LEE R. WEST
UNITED STATES DISTRICT JUDGE